Defendant purchased from plaintiff in Oklahoma City, Oklahoma, on October 1, 1946, a used motorcycle on the price of which he paid $250 in cash and to represent the balance, plus carrying charges, etc. he executed his promissory note for $346.80, payable in seven monthly installments, to secure the payment of which he gave a mortgage on the motorcycle. The first installment due on November 1st, being for $56.40, was paid. No further payments were made. *Page 777 
Defendant, at the time of the purchase, held the rank of lieutenant in the United States Army and was stationed at Enid, Oklahoma. He was soon thereafter transferred to Barksdale Field, in Bossier Parish, Louisiana, where the present suit was filed.
Plaintiff sued on the note of $346.80 and sought foreclosure of the mortgage by ordinary process. He provoked therewith issuance of a writ of sequestration, under which the motorcycle was seized by the sheriff.
Defendant, in defense of the suit, in effect, charges that the sale to him should be rescinded and annulled for redhibitory vices in the motorcycle, and prays for judgment for the amount paid by him on the price, plus judgment for the amounts expended by him in the effort to put and to maintain the machine in usable condition.
The court rendered judgment in plaintiff's favor as by him prayed. Defendant appealed.
To make out his case, plaintiff offered in evidence the note and chattel mortgage on which he sued.
The testimony of defendant and a mechanic of Enid, Oklahoma, who did extensive repairs to the motorcycle, leaves no doubt as to the very poor condition of the machine when purchased. It developed defects of a serious character the day of the purchase, so serious that defendant had considerable trouble in operating it to Enid, a distance of 85 miles.
Plaintiff represented the machine as being a 1939 model, whereas it was three years older. Due to its age, worn and rundown condition, it is not surprising that it failed materially to give the service for which it was purchased. Plaintiff guaranteed the machine to be in satisfactory condition and that it would give the service which defendant desired of it, — that is, that it would run. He declined to allow defendant, who had had meager experience with motorcycles, to make a test run of the machine before closing the sale.
Defendant, when he made the payment on November 1st, complained by letter to plaintiff of the deficiencies of the machine and thereafter wrote him asking him to take it back and refund what had been paid to him thereon. These letters were ignored. Afterward, he telegraphed plaintiff that he had been overcharged and intended taking the matter to the OPA. This was also ignored. Defendant did present the matter to the OPA and learned that the ceiling price, under its rules, for a motorcycle of this character, was $194, and also, to his dismay, learned that as to cases of this character, the OPA's jurisdiction ceased on September 10th prior.
On November 16th the machine was carried to a competent mechanic in Enid for examination and needed repairs. The mechanic found it to be in a wretched mechanical condition. He placed it in very good condition at a cost of $98.78, which defendant paid. Prior to this time he had expended $25 for repairs and replacements and, in addition, had himself done considerable repair work to it.
[1] The case went to trial on March 14, 1947. At the conclusion of introduction of documentary and testimonial proof the court ordered that the case he "left open for ten days in order to get interrogatories and for plaintiff to file copy of Oklahoma law". The interrogatories were thereafter filed but the trial of the case was closed without there having been filed the referred to law of Oklahoma. In such circumstances we have the right and it is our duty to presume that the applicable law of Louisiana is the same as that of Oklahoma. 11 American Jurisprudence, 313, 314, and 315, verbo Conflict of Laws, Sections 13, 14 and 15.
We shall now proceed to adjudicate the rights of the parties to this suit as is authorized by the laws of this state. The following articles of the Civil Code are controlling of the issues, to wit:
 Article 2520.
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
 Article 2521.
"Apparent defects, that is, such as the buyer might have discovered by simple *Page 778 
inspection, are not among the number of redhibitory vices."
 Article 2530.
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
 Article 2541.
"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
 Article 2543.
"The purchaser who has contented himself with demanding a reduction of the price, can not afterwards maintain the redhibitory action.
"But in a redhibitory suit, the judge may decree merely a reduction of the price."
 Article 2545.
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."
 Article 2547.
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
"It may, according to circumstances, give rise to the redhibition, or to a reduction of the price, and to damages in favor of the buyer."
Defendant's testimony positively establishes that the defective condition of the motorcycle existed when he purchased it, and continued without abatement to the time extensive repairs were made upon it, and, to some extent, thereafter. His testimony also shows that the machine's mechanical condition and its age were knowingly misrepresented to him by plaintiff. Since it was purchased solely as a means of locomotion and it failed in this respect, "it must be supposed that the buyer would not have purchased it had he known of the vice". The buyer testified that he would not have made the purchase had he known the machine's true condition. There can be no doubt on this phase of the case.
It is worthy of note, and not without some significance, that plaintiff did not attend the trial nor was his testimony otherwise given to the court.
[2] Our conclusion is that the amounts paid to plaintiff on account of the price of the motorcycle amply compensate him for its value; in fact, we seriously doubt that it was worth this much. Defendant was unconscionably imposed upon.
Under Article 2543 of the Civil Code, above quoted, courts of this state have the right merely to decree a reduction in the price in a redhibitory action. The effect of our decree falls within this express legal permit.
For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed; and, further, for said reasons, plaintiff's demands are rejected and his suit is hereby dismissed at his cost.
KENNON, J., absent. *Page 779